## Shelly v. Kuestner, Appellant.

*Practice, C. P.—Pleading—Statement—Superfluous averments.*

The practice of reciting in the statement of claim, the evidence by which the plaintiff expects to establish the essential facts, is not to be commended, but if the defendant in his affidavit of defense refuses to reply to the superfluous matter, and is sustained in his position by the court below, the surplusage in the statement does not injuriously affect him, and, therefore, the defect cannot be taken advantage of after a trial upon the merits.

*Justice of the peace—Record—Parties.*

Where a record of a justice of the peace shows that the suit was brought against two persons, that the summons was "served on defendant," and that both parties appeared, the court has no right to assume on appeal that the second name was added to the magistrate's record after the affidavit for appeal was made.

Argued Dec. 9, 1901. Appeal, No. 69, Oct. T., 1901, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1898, No. 788, on verdict for plaintiff in case of James W. Shelly v. John Kuestner. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from justice of the peace. Before BIETLER, J.

*Error assigned* amongst others was in overruling defendant's demurrer.

*W. S. Roney*, for appellant.

*William M. Boileau*, for appellee.

OPINION BY RICE, P. J., January 21, 1902:

The defendant demurred to the plaintiff's statement of claim upon two grounds: first, because it is not a concise statement of the plaintiff's demand as required by the act of 1887; second, because it alleges a partnership undertaking and does not account for the nonjoinder of the defendant's copartner. As to the first point we remark, that the statement sets forth a good cause of action in terms sufficiently clear and precise, but is open to criticism in that it adds a superfluous averment of cer-

tain facts which, though relevant on the trial, were not necessary to be stated in the declaration. The practice of reciting in the statement the evidence by which the plaintiff expects to establish the essential facts, is not to be commended, but as the defendant in his affidavit of defense refused to reply to the superfluous matter and was sustained in his position by the court below, the surplusage in the statement did not injuriously affect him, and, therefore, the defect cannot be taken advantage of after a trial on the merits. As to the second point it is to be noticed that the case originated before a magistrate. The transcript from his docket, according to the caption of the case, shows that suit was bought against Kuestner and Moors; also that a summons issued (presumably against both); that it was returned "served on defendant;" that at the time appointed for hearing "both parties appear;" and that after hearing judgment was "given for plaintiff." We have no right to assume, as we are asked to do by the appellant, that the name of Moors was added to the magistrate's record after the affidavit for appeal was made. We must take the transcript as we find it and give it credit accordingly. This being so, the court committed no error in overruling the demurrer or in refusing the defendant's second point, (seventh assignment), which was based on the assumption not warranted by the record, that the plaintiff brought his action against Kuestner alone. As Kuestner alone appealed, the issue in the common pleas was properly and necessarily made up as to him alone.

The other questions raised by the assignments of error do not require particular notice. The principal question in the case, so far as the merits were concerned, was one of fact, and was properly submitted to the jury in an adequate and impartial charge. All the assignments of error are overruled and the judgment is affirmed.